UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA**,

   Plaintiff,

v.                                              No. 4:25-cr-00069-P

**CHADIN KELLY**,

   Defendant.

## OPINION & ORDER

Before the Court is Defendant Chadin Kelly's Motion to Dismiss the Indictment. ECF No. 15. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

In 1998, Kelly was found guilty on a felony conviction for robbery, for which he received a 10-year prison sentence. *See* ECF No. 1. More recently, a grand jury found that Kelly violated the possession prong of 18 U.S.C. § 922(g)(1) and § 924(a)(8) in June 2024 when Kelly fired a weapon at a moving vehicle. Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

On March 12, 2025, Kelly filed a Motion to Dismiss the Indictment arguing that: (1) Section 922(g)(1) exceeds Congress's power under the

Commerce Clause; and (2) Section 922(g)(1) is unconstitutional under the Second Amendment. For the second argument, Kelly made both a facial and as-applied challenge. The Court now addresses those arguments.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

In support of his Motion, Kelly asserts that 18 U.S.C. § 922(g)(1) is unconstitutional under Congress's commerce power and the Second Amendment. The Court will address both arguments.

### A. Congress's Commerce Power and § 922(g)(1)

Kelly first argues that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons, exceeds the scope of Congress's power to regulate interstate commerce.

The Fifth Circuit and other circuit courts have consistently upheld § 922(g)(1)'s constitutionality as a proper exercise of Congress's commerce power. *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that § 922(g)(1) is a valid exercise of the commerce power); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeal upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power.").

Kelly cites no authority that holds to the contrary. He even concedes that Fifth Circuit precedent squarely opposes his assertion. Thus, Defendant's argument that § 922(g)(1) exceeds the scope of Congress's commerce power fails.

### B. The Second Amendment and § 922(g)(1)

Kelly next contends that § 922(g)(1) is unconstitutional under the Second Amendment both facially and as-applied. The Court will address them in that order.

1. <u>Facial Challenge</u>

Kelly's facial challenge argues that § 922(g)(1) violates the Second Amendment in light of the Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen*, holding that a restriction on firearm possession must square with "this Nation's historical tradition of firearm regulation," reformulated the applicable legal test courts must use in determining whether restrictions on a law-abiding citizen's possession of a firearm are constitutional. *Bruen*, 597 U.S. at 17. Kelly argues there is a lack of historical evidence that the United States has a tradition of prohibiting or regulating the possession of firearms by convicted felons. ECF No. 15.

The Second Amendment was widely understood to codify a pre-existing right, not grant a new one. *District of Columbia v. Heller*, 554 U.S. 570, 603 (2008). But that right has never been unlimited. *Id.* at 626. Indeed, the United States has a long history of categorically restricting the possession or ownership of firearms, spanning from its colonial era through present day. *See* Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights,* 80 LAW & CONTEMP. PROBS. 55 (2017) (examining the history and development of U.S. gun laws and regulations by category). Some estimates indicate that there were no fewer than eleven laws among the colonies—predating the ratification of the Constitution—regulating or prohibiting the possession of firearms by convicted felons, other "criminals," or non-citizens. *Id.* at 60. This history of allowing only those citizens who are "law-abiding" to own or possess firearms is what the Court in *Heller* and *Bruen* left undisturbed. *See Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything that we said in

*Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").

The Fifth Circuit has held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment. *United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Jordan*, Case No. EP-22-CR-01140-DCG-1, 2023 WL 157789 (W.D. Tex. Jan. 11, 2023) (citing *United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004)). *Bruen* did not change that fundamental premise. And this Court is bound by Fifth Circuit precedent and is "'not free to overturn' the Fifth Circuit's pre-*Bruen* decisions upholding Section 922(g)(1)." *Jordan*, 2023 WL 157789, at *7 (quoting *In re Bonvillian Marine Service, Inc.*, 19 F. 4th 787, 789-90 (5th Cir. 2021)). Therefore, this Court need not conduct an exhaustive evaluation of Kelly's facial challenge because this Court remains bound by circuit precedent as to § 922(g)(1).

  1. <u>As-Applied Challenge</u>

As for Kelly's as-applied challenge, the issue is whether *United States v. Diaz* requires dismissal of Defendant's indictment under the Second Amendment. 116 F.4th 458 (5th Cir. 2024). As discussed above, the Supreme Court established a two-step framework for Second Amendment constitutional challenges. *Bruen*, 597 U.S. at 19–24. First, courts determine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, then second, the government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

Using the *Bruen* framework, the United States Court of Appeals for the Fifth Circuit recently analyzed whether a defendant's prior criminal convictions could constitutionally serve as a basis for an indictment for possession of a firearm as a felon. *See Diaz*, 116 F.4th at 466. The court determined that "at least one of the predicate crimes that Diaz's § 922(g)(1) conviction relies on—theft—was a felony and thus would have led to capital punishment or estate forfeiture." *Id.* On that basis, the Fifth Circuit concluded that no Second Amendment violation occurred. *See id.* But the court stated that its holding was "not only

4

premised on the fact that Diaz is a felon. Simply classifying a crime as a felony does not meet the level of historical rigor required by *Bruen* and its progeny." *Id.* at 469.

Here, the first step of *Bruen* is satisfied. The Second Amendment's text covers Kelly's conduct (possessing a firearm) because the Fifth Circuit has repeated that felons are among "the people" protected by the Second Amendment. *Id.* at 466–67.

As for the second step, the Court finds that Kelly's prior conviction, for robbery, fits within the Nation's historic tradition of firearm regulation. As an analogue, a 1790 Pennsylvania law, for example, allowed the state to "seize[ ] all of [certain convicts'] possessions, including his weapons, as part of his 'servitude' or sentence." *United States v. Giglio*, 126 F.4th 1039, 1043 (5th Cir. 2025) (internal quotations omitted) (citing Act of Apr. 5, 1790, ch. 1516, § 1, 13 Statutes at Large of Pennsylvania, at 511, 511–12 (James T. Mitchell & Henry Flanders eds., 1908) ("[E]very person convicted of robbery, burglary, sodomy or buggery . . . shall forfeit to the commonwealth all . . . goods and chattels whereof he or she was . . . possessed at the time the crime was committed . . . and be sentenced to undergo a servitude of any term ... not exceeding ten years . . . ."). In 1742, Maryland made criminal convictions for burglary and robbery punishable by death. *See United States v. Celestine*, No. CR 24-92, 2025 WL 522643, at *2 (E.D. La. Feb. 18, 2025). Other Fifth Circuit courts have found the same on charges for burglary and robbery. *See United States v. Cooper*, No. CR 23-131, 2025 WL 316341, at *5 (E.D. La. Jan. 28, 2025) (finding that simple burglary under Louisiana Law is a constitutional Section 922(g)(1) predicate); *see also United States v. Frazier*, No. 24-CR-00093, 2024 WL 5113496, at *3 (W.D. La. Dec. 12, 2024) (finding Section 922(g)(1) applies to a defendant whose felony convictions included aggravated burglary and second-degree robbery under Louisiana law).

The Court therefore finds that the Second Amendment does not preclude enforcement of Section 922(g)(1) against Kelly.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Kelly's Motion to Dismiss the Indictment. ECF No. 15.

**SO ORDERED** on this **14th day of March 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE